IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW BESSINGER, | § § § § § § § § § § § § § | CIVIL ACTION NO. |
| Plaintiff, | | 7:14-cv-116(HL) |
| v. | | |
| INVESTIGATOR JOHN MULVANEY, JR.; SERGEANT TERESA FISHER; CORPORAL BRANDON TINSLEY; and the CITY OF REMERTON, GEORGIA | | JURY TRIAL DEMANDED |
| Defendants. | | |

# COMPLAINT

## PART I

## INTRODUCTION

1.

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Georgia, against Investigator John Mulvaney, Jr. of the Lowndes County Sheriff's Office; against Sergeant Teresa Fisher of the Lowndes County Sheriff's Office; against Corporal Brandon Tinsley of the police department of the City of Remerton, Georgia; and against the City of Remerton, Georgia. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.

It is alleged that the individual law enforcement Defendants made an unreasonable seizure of the person of Plaintiff Christopher Matthew Bessinger, violating his rights under the

Fourth and Fourteenth Amendments to the United States Constitution, and that these Defendants assaulted and battered Plaintiff Christopher Matthew Bessinger. It is further alleged that the individual law enforcement Defendants conspired to cover their wrongdoing by charging the Plaintiff with obstruction when they knew such charge was not supported by probable cause, in violation of the Plaintiff's Fourteenth Amendment rights. It is further alleged that these violations and torts were committed as a result of the policies and customs of the Defendant City of Remerton, Georgia. All actions of Defendants were done with malice or deliberate indifference to Plaintiff and Plaintiff's constitutional rights.

3.

It is further alleged that the individual law enforcement Defendants participated in the actions of Investigator John Mulvaney, Jr. to batter the Plaintiff. The individual Defendants caused Plaintiff's left shoulder to be injured and require surgery despite being informed by Plaintiff that Plaintiff was recovering from prior surgeries to the same shoulder. The individual Defendants further used extreme and excessive force in battering the Plaintiff's left shoulder, right shoulder, face, and body, thereby creating fresh tears in both shoulders, damaging Plaintiff's eyes and causing Plaintiff extreme mental and physical pain and suffering. Said Defendants then ignored and refused Plaintiff's repeated requests for medical attention for his serious injuries caused by said individual Defendants. Said individual Defendants acted with deliberate indifference to Plaintiff's serious medical injuries and denied him proper medical care, violating his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and further violating his rights under the due process clause of the Fourteenth Amendment to the United States Constitution. It is further alleged that these violations and torts were committed as a result of the policies and customs of the Defendant City

of Remerton, Georgia. All actions of Defendants were done with malice or deliberate indifference to Plaintiff and Plaintiff's constitutional rights.

## PART II

## PARTIES

4.

Plaintiff Christopher Matthew Bessinger was at all material times a resident of 3715 North Valdosta Road, Apartment 193, Valdosta, Lowndes County, Georgia 31602, and of full age.

5.

Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley were at all times relevant to this complaint duly appointed and acting officers of the police department of the Defendant City of Remerton, Georgia. Defendants Mulvaney and Fisher were also employees of the Sheriff's Office of Lowndes County, Georgia. The individual Defendants were all acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Georgia and/or the City of Remerton. On information and belief, the Defendants are residents of Lowndes County, Georgia.

6.

The City of Remerton, Georgia, is a municipal corporation and the public employer of Defendant Corporal Brandon Tinsley.

7.

The Defendant City of Remerton may be served by serving its Mayor or City Manager or an agent authorized by appointment to receive service of process. OCGA Section 9-11-4(e)(5).

## PART III

## FACTS

8.

On July 22, 2012, at approximately 00:12 hours the Plaintiff was walking across Baytree Place in Remerton, Georgia when he was stopped by the Defendant Corporal Brandon Tinsley who issued a citation for an alleged violation of an alleged ordinance of the City of Remerton dealing with open containers of alcoholic beverages.

9.

Plaintiff states on information and belief that there is no validly enacted ordinance of the City of Remerton that would prevent him from carrying an empty beer can.

10.

At the aforesaid time, the Plaintiff was also stopped by Defendant Investigator John Mulvaney, Jr. and Defendant Sergeant Teresa Fisher in the Remerton Square parking lot for the alleged open container violation.

11.

On July 22, 2012, Defendant Mulvaney proceeded to curse the Plaintiff on multiple occasions and then physically attacked the Plaintiff for no justifiable reason.

12.

The Defendant Mulvaney proceeded to wrap said Defendant's legs around Plaintiff's waist, dropped the Plaintiff to the pavement, and proceeded to punch and beat the Plaintiff in the Plaintiff's midsection and the Plaintiff's face. Defendant Mulvaney was assisted by the other individual Defendants.

13.

The Plaintiff did not resist, attack, or fail to obey the individual Defendant police officers.

14.

The individual Defendants were made aware by the Plaintiff that the Plaintiff had recently had surgery on his left shoulder. Nevertheless, the individual Defendants caused Plaintiff's left shoulder to be seriously reinjured.

15.

As a direct and proximate result of the actions of the individual Defendants, the Plaintiff sustained serious injuries to his left and right shoulder, his face, and was punched in the left eye causing damage to his vision.

16.

The individual Defendants proceeded to handcuff the Plaintiff and maliciously conspired to charge the Plaintiff with an Open Container Violation and Felony Obstruction of an Officer.

17.

There was never any legal excuse or justifiable cause for the individual Defendants to attack the Plaintiff, nor was there probable cause to arrest the Plaintiff for Felony Obstruction of an Officer.

18.

After this ordeal, the Defendant officers refused Plaintiff Christopher Matthew Bessinger medical care despite Plaintiff requesting same numerous times and telling the Defendant officers his shoulder was out of socket.

19.

All the individual Defendants acted in concert and conspired to deprive the Plaintiff of his constitutional rights.

20.

Despite knowing that there was no basis to do so, the individual Defendants charged the Plaintiff with Felony Obstruction of an Officer.

21.

The Defendant Mulvaney continued to act as prosecutor in the case of the *State of Georgia v. Christopher Bessinger*, Criminal Case Number 2013-CR-647, causing the Plaintiff to be indicted for Felony Obstruction of an Officer in violation of O.C.G.A. § 16-10-24(b) and for an Open Container in violation of O.C.G.A. § 40-6-253. The other individual Defendants conspired to the same end.

22.

The charge of Open Container in violation of O.C.G.A. § 40-6-253 required that the Plaintiff have an open container of alcohol in a motor vehicle. Since there was no motor vehicle involved in the case, this offense could not have possibly been violated, and this was known or should have been known by the individual Defendants.

23.

The individual Defendants further conspired to present false information in their incident reports claiming that the Plaintiff had cursed the officers and had willfully resisted, obstructed and opposed Investigator John Mulvaney, Jr., a law enforcement officer with the Lowndes County Sheriff's Officer, in the lawful discharge of his duties by offering to do violence to said

officer by physically resisting and fighting with said officer, when the individual Defendants knew that these allegations were false.

24.

The District Attorney's Office of the Southern Judicial District of Georgia prosecuted the Felony Obstruction charge. Plaintiff Christopher Matthew Bessinger hired attorney Zachary R. Cowart and prepared for trial. A jury trial was held beginning on February 3, 2014, resulting in a complete acquittal of the Plaintiff Christopher Matthew Bessinger on February 4, 2014. The District Attorney's Office did not dismiss the Open Container charge until Februay 5, 2014.

25.

At no time during the events described above, was Plaintiff Christopher Matthew Bessinger, intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.

26.

The Defendant officers had no warrant for the arrest of the Plaintiff, no probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

27.

At all times during the events described above, the Defendant police officers were engaged in a joint venture. The Defendant individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

28.

As a direct and proximate result of the said acts of the Defendant officers, the Plaintiff Christopher Matthew Bessinger suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Loss of his physical liberties;

c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

29.

The actions of the Defendant officers violated the following clearly established and well settled federal constitutional rights of Plaintiff Christopher Matthew Bessinger:

a. Freedom from the unreasonable seizure of his person;

b. Freedom from the use of excessive, unreasonable and unjustified force against his person;

c. Freedom from cruel and unusual punishments through the denial of medical care.

30.

As a direct and proximate result of the said acts of the Defendant officers, the Plaintiff Christopher Matthew Bessinger suffered the following physical injuries: both left and right shoulders, left eye, back and both sides, resulting in severe physical and mental pain and suffering.

31.

As a direct and proximate result of the said acts of the Defendant officers, the Plaintiff Christopher Matthew Bessinger incurred the following medical bills for treatment of his injuries, to wit:

a. Bill for services at Smith Northview Hospital on September 13, 2012, in the amount of $3,655.25.

b. Bill for surgery at Smith Northview Hospital on January 8, 2013 in the amount of $18,788.75.

    c.    Bill for surgery performed by Dr. Kevin J. Collins, MD and physical therapy from The Hughston Clinic from July 31, 2012 through May 21, 2013 in the amount of $13,514.00.

    d.    Other bill as may be proven.

32.

As a direct and proximate result of the said acts of the Defendant officers, the Plaintiff had to have another surgery to his left shoulder, had to be treated for emotional and mental problems, suffered damages to his face and left eye, had impaired vision, and for these and other reasons is being medically discharged from the United States Air Force.

33.

As a direct and proximate result of the said acts of the Defendant officers, the Plaintiff will lose wages and suffer diminished earning capacity.

## COUNT I
### 42 U.S.C. § 1983 Against Individual Defendants

34.

Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35.

Plaintiff Christopher Matthew Bessinger claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley for violation of his constitutional rights under color of law.

## COUNT II
### Assault and Battery Against Individual Defendants

36.

Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37.

Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley assaulted and battered Plaintiff Christopher Matthew Bessinger

38.

As a result of this assault and battery, the Plaintiff suffered the damages as aforesaid.

## COUNT III

### False Arrest and Illegal Imprisonment Against Individual Defendants

39.

Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40.

Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley illegally arrested and illegally imprisoned Plaintiff Christopher Matthew Bessinger.

41.

As a result of this false arrest and illegal imprisonment, the Plaintiff Christopher Matthew Bessinger suffered damages as aforesaid.

## COUNT IV

### Conspiracy to Maliciously Prosecute

42.

Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43.

At all relevant times herein the Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley were sworn police officers of the County of

Lowndes and/or the City of Remerton and acted within the scope of their authority and pursuant to their duties as officers.

44.

Between July 22, 2012 and February 4, 2014, the individual Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley agreed, conspired, and acted in concert to falsely and maliciously initiate a criminal prosecution of Plaintiff for the crimes of Felony Obstruction as charged in Count I of the indictment in the case of *State of Georgia v. Christopher Bessinger*, Criminal Case Number 2013CR647 in the Superior Court of Lowndes County, Georgia and the crime of Open Container in violation of O.C.G.A. § 40-6-253 as charged in Count II of said indictment.

45.

Among the acts pursuant to such conspiracy and agreement, the Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley fabricated evidence, suppressed exculpatory evidence, misled prosecutors, and presented knowingly false testimony and statements with the improper purpose of procuring said criminal prosecution. Because of aforesaid acts, Plaintiff was indicted by grand jury of the County of Lowndes, State of Georgia for the crimes of Felony Obstruction and Open Container Violation on or about July 26, 2013 under Indictment Number 2013-CR-647 which was then docketed.

46.

The indictment was solely based on, and in reliance on the false and perjured testimony of the Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley and by reason of their omission and distortion of facts.

47.

Thereafter, on or about February 4, 2014, Plaintiff was tried and acquitted, thereby terminating the prosecution in favor the Plaintiff.

48.

As a proximate result of the criminal charge initiated by the individual Defendants, Plaintiff has also been damaged in a sum to be proven at trial, including cost in attorney's fees incurred in defense of the charges, and the cost of obtaining bail, and for other costs and expenses.

49.

The acts of the Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley were willful, wanton, malicious, and oppressive and were motivated solely by a desire to harm Plaintiff or by hatred of or by ill will toward Plaintiff. Such acts therefore deserve an award of punitive damages to be determined by the enlightened conscience of a jury.

## COUNT V
### 42 U.S.C. § 1983 Against Defendant City of Remerton

50.

Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51.

Prior to July 22, 2012, Defendant City of Remerton developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Remerton, which caused the violation of Plaintiff Christopher Matthew Bessinger's rights.

52.

Plaintiff states on information and belief that it was the policy and/or custom of Defendant City of Remerton to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City Remerton.

53.

Plaintiff states on information and belief that it was the policy and/or custom of the City of Remerton to inadequately supervise and train its law enforcements, including Defendants Investigator John Mulvaney, Jr., Sergeant Teresa Fisher, and Corporal Brandon Tinsley, thereby failing to adequately discourage further constitutional violations on the part of its law enforcements. The City of Remerton did not require appropriate in-service training or re-training of officers who were known to have engaged in law enforcement misconduct.

54.

As a result of the above described policies and customs, law enforcements of the City of Remerton, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

55.

The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Remerton to the constitutional rights of persons within Remerton, and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT VI

### Punitive Damages Against Individual Defendants

56.

Paragraphs 1 through 55 are incorporated herein by reference as though fully set forth.

57.

The actions of the individual Defendants in violating Plaintiff Christopher Matthew Bessinger's Fourth, Eighth, and Fourteenth Amendment rights as described in the preceding paragraphs demonstrate such willful misconduct, malice, wantonness and entire want of care as to constitute a conscious indifference to the consequences of said actions, thereby justifying an award of punitive damages.

## COUNT VII

### Attorney's Fees

58.

Paragraphs 1 through 57 are incorporated herein by reference as though fully set forth.

59.

Plaintiff shows it is necessary for him to hire attorneys in these proceedings and that the Defendants should be required to pay Plaintiff's reasonable attorneys' fees.

## COUNT VIII

### Denial of Medical Care

60.

Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61.

The Defendants denied Plaintiff medical care despite his making it known to the Defendants that Plaintiff had suffered serious injuries, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT IX

### Recovery Under Federal Medical Care Recovery Act

62.

Paragraphs 1 through 61 are incorporated herein by reference as though fully set forth.

63.

As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United State of America. The Plaintiff, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. 2651-2653, and with its express consent, asserts a claim for the reasonable value of said past and future care and treatment.

WHEREFORE, the Plaintiff requests that this Court:

a) Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

b) Award punitive damages to Plaintiff against the individual Defendants, jointly and severally, in an amount to be determined by the enlightened conscience of a fair and impartial jury;

c) Award costs of this action to the Plaintiff;

d) Award reasonable attorney's fees and costs to the Plaintiff on Counts I and IV of the Complaint;

e)  Grant Plaintiff a trial by jury as to all issues so triable;

f)  Award the Plaintiff for the use of the United States the reasonable value of past and future care and treatment furnished by the United States; and

f)  Award such other and further relief as this Court may deem appropriate.

This 18th day of July, 2014.

/S/James R. Smith, Jr.
Smith, Hannan & Parker, P.C.
Attorney for Plaintiff
610 N. Patterson St.
P.O. Box 5408
Valdosta, GA 31603-5408
(229) 242-4649
Georgia Bar No. 660250


/S/Stephen G. Adkins
Attorney at Law
Attorney for Plaintiff
106 West North Street
P.O. Box 5976
Valdosta, GA  31603-5976
(229) 244-2332
Georgia Bar No. 076177