IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CHRISTOPHER MATTHEW BESSINGER**, <br><br> Plaintiff, <br><br> v. <br><br> **INVESTIGATOR JOHN MULVANEY, JR., SERGEANT TERESA FISHER, CORPORAL BRANDON TINSLEY, and the CITY OF REMERTON, GEORGIA**, <br><br> Defendants. | Civil Action No. 7:14-CV-116 (HL) |

## ORDER

This case is before the Court on Defendants' Motion for Joinder of Nastassia Bessinger. (Doc. 14). Defendants move the Court to require Nastassia Bessinger, the wife of Plaintiff Christopher Matthew Bessinger, to become a party plaintiff and to assert any claims she may have for the loss of consortium or loss of services of her husband as a result of the personal injuries he allegedly sustained. Alternatively, in the event that Ms. Bessinger declines to join the case, Defendants move the Court to enter an order holding that any claims she may have against Defendants be forever barred. The motion is unopposed.

I.  **BACKGROUND**

Plaintiff Christopher Matthew Bessinger initiated this action pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Georgia common law

premised upon Defendants' alleged utilization of excessive force, unreasonable search and seizure, assault and battery, false imprisonment, deliberate indifference to Plaintiff's serious medical needs, and denial of proper medical care. Plaintiff claims that Defendants acted with malice or deliberate indifference to his constitutional rights and that the City of Remerton's policies and customs led to the violations. As a result, he sustained injuries to his left shoulder, requiring surgery. Plaintiff further alleges Defendants damaged his eyes and caused him extreme mental and physical pain and suffering.

Nastassia Bessinger, Plaintiff's wife, is not a named party to this action, nor has she asserted any claims against Defendants. According to Defendants, Ms. Bessinger has indicated to Plaintiff's counsel that she does not wish to join this suit voluntarily to assert any claim she may have for loss of consortium or loss of services of her spouse. Defendants seek to join Ms. Bessinger to avoid the potential for inconsistent verdicts should Plaintiff's spouse later file a separate claim for loss of consortium.

## II.   DISCUSSION

Defendants move to join Nastassia Bessinger to this lawsuit as a required party pursuant to Federal Rule of Civil Procedure 19(a)(1). Under Rule 19, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . that person claims an interest relating to the subject of the action and is so situated

that disposing of the action in the person's absence may . . . leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a)(1)(B)(ii). "A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed.R.Civ.P. 19(a)(2).

The question now before the Court is whether any claims of Nastassia Bessinger may have for loss of consortium of her husband must be joined to the present action to prevent the possibility of inconsistent judgments against Defendants. Under Georgia law, "a loss of consortium claim is derivative of the spouse's personal injury action." Miller v. Crumbley, 249 Ga. App. 403, 404 (2001) (internal quotations and punctuation omitted). Further, "all claims which derive from the personal injuries sustained by a single individual should be joined in a single action." Id. (quoting Stenger v. Grimes, 260 Ga. 838, 839 (1991)) (internal quotations omitted). While a spouse may bring a separate, independent claim for loss of consortium, a defendant may by motion require joinder of the loss of consortium claims to the underlying personal injury claims to avoid inconsistent obligations. See Parrish v. Ford Motor Co., 2008 WL 2944645, at *4 (S.D. Ga. May 21, 2008) (citing GA. PRODUCTS LIABILITY LAW § 10-2 (Spouses) (3d ed. Apr. 2008); see also Stapleton v. Palmore, 250 Ga. 259 (1982) ("Therefore, where a personal injury plaintiff fails to join his or her loss of

consortium spouse, the defendant who desires to be protected against inconsistent obligations should do so.").

Defendants request that the Court order Ms. Bessinger joined to this lawsuit to forestall the possibility of a later filed lawsuit and inconsistent verdicts. Neither Plaintiff nor Ms. Bessinger has filed any response to Defendants' motion. The Court accordingly finds that joinder of any claim Ms. Bessinger may have for loss of consortium is appropriate. She is a person who is subject to service of process and whose joinder will not divest the Court of subject matter jurisdiction. Further, her joinder will assure complete relief and eliminate the risk of Defendants incurring inconsistent obligations. Should Ms. Bessinger choose not to pursue her loss of consortium claim, she shall be prohibited from asserting such claims in any future proceeding.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Joinder of Nastassia Bessinger (Doc. 44) is granted. Defendants are ordered to serve Ms. Bessinger with a copy of this order along with copies of all pleadings previously filed in this case and to file proof of service with the Court.

**SO ORDERED**, this the 5th day of May, 2015.

                      *s/ Hugh Lawson*_____
                      **HUGH LAWSON, SENIOR JUDGE**

aks